09-3022-ag
Zheng v. Holder

BIA
Weisel, IJ
A072 054 646

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:

> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

JIAN GAN ZHENG,
        *Petitioner,*

        v.                                    09-3022-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Cindy S. Ferrier, Senior
                         Litigation Counsel; Joseph A.
                         O'Connell, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Gan Zheng, a native and citizen of the People's Republic of China, seeks review of a December 3, 2009, order of the BIA affirming the December 5, 2007, decision of the Immigration Judge ("IJ"), Robert D. Weisel, denying his second motion to reopen. *In re Jian Gan Zheng*, No. A072 054 646 (B.I.A. Dec. 3, 2009), *aff'g* No. A072 054 646 (Immig. Ct. N.Y. City Dec. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

## I.  Jurisdiction

Although Zheng's July 2009 petition for review pre-dated the BIA's December 2009 amended final order of removal, we retain jurisdiction to entertain the instant petition for review. *See Lewis v. Gonzales*, 481 F.3d 125, 129 (2d Cir. 2007) (exercising jurisdiction over otherwise premature petition, notwithstanding lack of later-filed, timely petition, "when the BIA ha[d] since affirmed petitioner's removal order and the respondent ha[d] not shown prejudice" (internal citations and quotations

2

omitted)).  The BIA's December 2009 order affirmed, on the same grounds, Zheng's June 2009 removal order; and the government has not argued or demonstrated that "it was in any way prejudiced" by the early filing of Zheng's petition for review.  *See id.*  Thus, we retain jurisdiction to consider it.  *See id.*

## II.  Agency's Denial of Zheng's Motion to Reopen

We review the BIA's denial of Zheng's motion to reopen for abuse of discretion.  *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision.  8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23(b)(1).  There is no time or numerical limitation, however, if an alien establishes materially "changed country conditions arising in the country of nationality."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i). Here, the BIA did not abuse its discretion in denying Zheng's second motion to reopen, which was indisputably untimely and number-barred.

As the BIA found, Zheng's decision to remain in the United States and father several children after being ordered excluded was a change in personal circumstances, not

3

a change in country conditions.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130 (2d Cir. 2005).  Nor has Zheng submitted evidence to support his conclusory assertion that enforcement of China's population control policy has become more severe since the time of the IJ's decision. *See, e.g., Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).  Rather, that evidence indicates only that Zheng will be subject to that policy upon his return to China as a result of the change in his personal circumstances, not any change in the policy.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4